**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILIPPE CHARRIOL INTERNATIONAL LIMITED, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> A'LOR INTERNATIONAL LIMITED, <br><br> Defendant - Appellee. | No. 13-56854 <br><br> D.C. No. 3:13-cv-01257-MMA-BGS <br><br><br> MEMORANDUM[*] |
| PHILIPPE CHARRIOL INTERNATIONAL LIMITED, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> A'LOR INTERNATIONAL LIMITED, <br><br> Defendant - Appellant. | No. 14-55769 <br><br> D.C. Nos. 3:13-cv-01257-MMA-BGS <br><br> D.C. 3:14-cv-00477-MMA-BGS |
| PHILIPPE CHARRIOL INTERNATIONAL LIMITED, <br><br> Plaintiff - Appellant, <br><br> v. | No. 14-55864 <br><br> D.C. Nos. 3:13-cv-01257-MMA-BGS <br> D.C.3:14-cv-00477-MMA-BGS |

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

A'LOR INTERNATIONAL LIMITED,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted February 5, 2015
Pasadena California

Before: KLEINFELD and GOULD, Circuit Judges, and GETTLEMAN, Senior District Judge.[**]

Philippe Charriol International Ltd., an Isle of Man corporation with its principal place of business in Switzerland, sued A'lor International Ltd., a California corporation and Philippe Charriol's long-time licensee, for trademark infringement, breach of contract, and other related claims. While the district court declined to preliminarily enjoin A'lor from selling the allegedly infringing jewelry abroad, it granted in part the motion for a preliminary injunction on the basis of the breach of contract claim. Both parties appeal. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We review for an abuse of discretion. Brookfield Commc'ns, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1045–46 (9th Cir. 1999).

_____

[**]    The Honorable Robert W. Gettleman, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

2

We affirm the denial of a preliminary injunction against A'lor's extraterritorial sale of cable jewelry. Philippe Charriol sought to enjoin A'lor from selling the cable jewelry outside the United States under A'lor's own brand. To apply the Lanham Act to foreign activities, "first, there must be some effect on American foreign commerce; second, the effect must be sufficiently great to present a cognizable injury to plaintiffs under the federal statute; and third, the interests of and links to American foreign commerce must be sufficiently strong in relation to those of other nations to justify an assertion of extraterritorial authority." Star-Kist Foods, Inc. v. P.J. Rhodes & Co., 769 F.2d 1393, 1395 (9th Cir. 1985). There is no evidence on the record that A'lor's cable jewelry sold abroad flowed back to the United States and caused a cognizable injury to Philippe Charriol within the United States. See Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554–55 (9th Cir. 1992) (holding that the sale of counterfeit shoes in Mexico had sufficient effect on American foreign commerce where the counterfeit shoes went back to the United States regularly and decreased the sale of genuine shoes and the value of the plaintiff's consolidated holdings in the United States). Philippe Charriol failed to show a sufficient effect of A'lor's foreign activities on American foreign commerce to support its Lanham Act claims.

We reverse the district court's grant, on the basis of the breach of contract claim, of the motion for a preliminary injunction. On the record then before the district court, it was a clear error to find that the 2010 Exclusive Jewelry License Agreement covered the so-called "cable design." The record shows that the contracting parties intended to confer A'lor an exclusive right only in Philippe Charriol's word marks. Section 1.1 of the license agreement defines the "Trademarks" as trademarks enumerated in Schedule A and "all other trademarks whether registered or by common law or usage which may or may not be registered but to which marks are owned or controlled by [Philippe Charriol]." Schedule A lists as the Trademarks three word marks, CELTIC, CHARRIOL, and COLVMBVS, but not the cable design. The catch-all clause of Section 1.1, on this record, must be construed as applicable only to marks of the same general nature or class as those enumerated. See Lawrence v. Walzer & Gabrielson, 256 Cal. Rptr. 6, 9 (Cal. Ct. App. 1989) (explaining the doctrine of *ejusdem generis*). Other sections of the license agreement confirm that the parties intended the "Trademarks" to cover only word marks. For example, Section 2.5 provides:

> The Trademarks shall, where it is reasonable so to do, be accompanied by words descriptive of the Products, and the Trademarks shall be depicted entirely in capital letters or otherwise distinguished from accompanying text to indicate that the term is a trademark. (emphasis added).

4

The cable design cannot be capitalized or referred to as a "term." Only words and letters can be. See also Section 4.4 (containing a separate proviso regarding the use of the cable design). This reading that the license agreement did not cover the cable design is consistent with Section 6 of the parties' 2002 agreement: "[Philippe Charriol and A'lor] understand and agree that the rights to produce 'cable jewelry' . . . is not an exclusive right in respect of cable but is exclusive only in respect of the CHARRIOL® mark."

Therefore, the license agreement on its face does not prohibit A'lor from selling cable jewelry under its own brand after the termination. Section 3.1.b prohibits A'lor from selling any jewelry that looks similar to the licensed products, but it does not appear to intend this prohibition beyond the term of the license agreement. There is no finding by the district court on whether A'lor's purported termination was effective.

Philippe Charriol's cross-appeal seeks a remand with instructions that the preliminary injunction should be expanded to cover all of its word marks and that the injunction is supported by its trademark infringement claims. Since we reverse the grant of a preliminary injunction, and the district court did not make any

determinations on trademark infringement claims, we need not address this cross-appeal.

In reaching this conclusion, we express no opinion on the ultimate merits of the case. See, e.g., Barahona-Gomez v. Reno, 167 F.3d 1228, 1238 (9th Cir. 1999). We leave to the district court on remand the question of whether the contract termination was effective and such determinations on the breach of contract and trademark infringement claims as may be appropriate in light of evidence submitted subsequent to the decisions on appeal or on remand.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**

*Charriol v. A'Lor*, No. 13-56854

*Charriol v. A'Lor*, Nos. 14-55769, 14-55864

GOULD, Circuit Judge, concurring in the judgment:

I respectfully concur in the judgment of the court.

With regard to Appeal No. 13-56854, I agree that we should affirm the denial of preliminary injunction, for the reasons stated in the memorandum disposition. I also agree that in the Cross-Appeals (Nos. 14-55769 and 14-55864), we should vacate the grant of preliminary injunction that was based on contract. However, I would do so merely because the record at this stage does not support that there is a substantial likelihood of success on the merits regarding the contract claim. Because we do not express opinion on the ultimate merits of the case, and any case can look different after trial testimony of witnesses on disputed facts, and findings of fact and conclusions of law by the court, I see no reason to say anything on the contract claim at present beyond observing that at this preliminary stage with a limited record, plaintiff has not shown a substantial likelihood of success warranting preliminary injunction under the standards set by the United States Supreme Court in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008), and therefore the grant of preliminary injunction was an abuse of discretion. I would not on this record

attempt to interpret the license agreement before trial and findings of fact concerning intentions of parties and their prior course of dealing. It is enough to vacate the preliminary injunction and remand for trial.